UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Betty Towle and Stephen Towle, III</u>

    v.      Civil No. 15-cv-189-LM
        Opinion No. 2015 DNH 145
<u>Ocwen Loan Servicing, LLC</u>

**O R D E R**

The above-captioned matter involves a foreclosure dispute between the plaintiff mortgagors, Betty Towle and Stephen Towle, III, and the defendant loan servicer, Ocwen Loan Servicing, LLC ("Ocwen"). Ocwen has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Ocwen's motion is granted, though without prejudice to plaintiffs' right to amend their complaint.

**Background**

The factual allegations are drawn from the Towles' complaint, which consists of a pre-printed form entitled "Complaint to Enjoin Foreclosure Sale" (doc. no. 1-1). On the form, the Towles explain that on June 19, 2014, they made two payments to Ocwen, their loan servicer. Ocwen, however, returned both payments. Ocwen then denied the Towles' subsequent application for a "hardship" modification, and rebuffed all of the Towles' attempts to reach a repayment agreement. The complaint alleges that the Towles "asked

numerous times if [they] could formulate a repayment plan
. . . . [But] [t]he answer [was] always no." Doc. no. 1-1 at 2.

Ocwen scheduled a foreclosure sale for May 20, 2015. The Towles filed a complaint in the Rockingham County Superior Court, in which they to sought to enjoin the foreclosure sale, and further requested that Ocwen drop all late fees and permit them to continue making payments on their mortgage. A judge of the Rockingham County Superior Court issued an order temporarily enjoining the foreclosure, and scheduled a final hearing on the matter for May 27, 2015. Before the hearing, Ocwen removed the case to this court, relying on the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and filed the present motion to dismiss. Ocwen argues that the Towles' complaint fails to state a claim on which relief can be granted. The Towles have not objected or otherwise responded.

## Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and internal quotation marks omitted). A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense."  Id. at 679.

## Discussion

Despite the Towles' failure to respond to Ocwen's motion to dismiss, the court must nonetheless assess the viability of Towles' claims.  See Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) ("[T]he mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.").  Moreover, as pro se litigants, the Towles' are entitled to a liberal construction of their complaint, no matter how inartfully the allegations are pled.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The thrust of the Towles' claim appears to be that Ocwen wrongfully declined either to forestall foreclosure on the Towles' mortgage or to allow for a loan modification.  However, this court has time and again held that lenders have no duty absent explicit contractual language to modify a loan or forbear from foreclosure.  See, e.g., Frangos v. Bank of America, N.A.,

No. 13-cv-472-PB, 2014 WL 3699490, at *4 (D.N.H. July 24, 2014); Campbell v. Specialized Loan Serv., LLC, et al., No. 13-cv-278-PB, 2014 WL 280492, at *2 (D.N.H. Jan. 23, 2014); Gikas v. JPMorgan Chase Bank, N.A., No. 11-cv-573-JL, 2013 WL 1457042, at *3 (D.N.H. Apr. 10, 2013); Ruivo v. Wells Fargo Bank, N.A., No. 11-cv-466-PB, 2012 WL 5845452, at *4 (D.N.H. Nov. 19, 2012) ("[P]arties are bound by the agreements they enter into and the court will not . . . force a party to rewrite a contract so as to avoid a harsh or inequitable result."); L'Esperance v. HSC Consumer Lending, Inc., No. 11-cv-555-LM, 2012 WL 2122164, at *23 (D.N.H. June 12, 2012); Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 130 (D.N.H. 2012) (citing cases outside New Hampshire as "consistent with New Hampshire law that the implied covenant cannot be used to rewrite a contract to avoid harsh results").  Indeed, the mortgage agreement here expressly provides that the mortgagee may, at its discretion, return any payment or partial payment insufficient to bring the loan current.  Doc. no. 5-1 at 4.  Thus, even under a liberal construction, the Towles' complaint fails to allege a cognizable claim.[1]  Accordingly, the court grants Ocwen's motion to dismiss.

---

[1] To be sure, a plaintiff in a foreclosure dispute can state a cognizable claim based on the defendant's failure to properly credit payments made to the plaintiff's account.  See Galvin v. EMC Mortg. Corp., No. 12-cv-320-JL, 2013 WL 1386614, at *11 (D.N.H. Apr. 4, 2013).  In this case, however, the mortgage agreement permits the mortgagee to reject payments or partial

4

Nonetheless, given the early stage of the litigation and the Towles' pro se status, the court's dismissal is without prejudice to their right to file an amended complaint to cure these deficiencies.  See Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013); Fryer v. B of A and PHH Mortg. Servs., No. 15-cv-106-JD, 2015 WL 2195096, at *2 (D.N.H May 11, 2015).

### Conclusion

For the foregoing reasons, Ocwen's motion to dismiss (doc. no. 5) is granted, though without prejudice to plaintiffs' right to amend their complaint.  Any amended complaint must be filed on or before July 31, 2015, or the court will dismiss the complaint with prejudice and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 23, 2015

cc:   Betty Towle, pro se
      Stephen Towle, III, pro se
      Jessica Babine, Esq.

---

payments that fail to bring the loan current.  Thus, to state a plausible claim, the plaintiffs must allege that the rejected or uncredited payments were sufficient to bring the loan current.  As currently pled, the complaint does not include such an allegation.

5